BOEHM,
Justice, concurring in result.
The dispositive issue in this appeal is whether the contract provision bars Lig-gett’s claim to be compensated for unwritten change orders. I agree with the majority that summary judgment in favor of the Youngs must be reversed, and this case should be remanded for trial.
I think that despite its odd procedural posture, this case boils down to some familiar and relatively simple points. At a time when Dean Young was acting as Lig-gett’s attorney, the Youngs contracted for Liggett to build their home. Liggett had no separate attorney. Liggett claims that the parties agreed to oral change orders and that a variety of change orders added substantially to the cost of the project. He seeks compensation for those. The Youngs respond to Liggett’s claims by invoking the provision in their written contract that prohibited unwritten change orders.
As I see it, this is rather simply resolved without regard to whether the written contract was “void” as “fraudulent” or not “fair and honest.” First, this is in my view plainly not a “standard” contract contemplated by the exception to Rule of Professional Responsibility 1.8. That exception is designed to permit ordinary, truly “standard” transactions (e.g., a lawyer who represents a telephone company may get telephone service, and a lawyer who represents a bank may have its credit card). It *187 permits these transactions because they are entered into by many others on the same terms, making them presumptively fair. In any event, except for widely used phone service agreements and the like, the exception applies only if the lawyer-consumer does not draft the contract. This exception does not apply to a unique document prepared by the lawyer in question, which is what we have here, unless the other conditions listed in section 126 of the Restatement (Third) of the Law Governing Lawyers are met. These conditions require that the client (Liggett) be aware of the risks, the terms of the transaction be fair and reasonable to the client, and the client be encouraged to seek independent legal advice. This doctrine is one of substantive law, not one derived, except perhaps tangentially, from the Rules of Professional Responsibility.[6]
The “transaction” at issue as to Lig-gett’s claims is not the original contract, which on its face seems to me to be relatively ordinary and not “unfair.” Rather, the change orders are the “transactions” for which Liggett seeks compensation. The Youngs do not deny that changes were requested, and seek to invoke a provision in the contract Dean Young prepared that requires change requests be in writing. The Youngs thus contend that a change order that they made orally and that caused additional cost to the contractor could be put in place without adjustment of the contractor’s compensation. That, on its face, is not “fair and reasonable” to the contractor who is also the client. And if there is any doubt on that point it should be resolved against the attorney who elects to deal with a client. Accordingly, the lawyer is precluded from enforcing this provision against the client. This is simply an application of the basic principle that a fiduciary who deals with his beneficiary must look out for the beneficiary’s interests above his own. See In re Good, 632 N.E.2d 719, 721 (Ind.1994) (“Transactions entered into during the existence of a fiduciary relationship are presumptively invalid as the product of undue influence. Transactions between an attorney and client are presumed to be fraudulent, and the attorney has the burden of proving that they were fair and honest.” (citing In re Smith, 572 N.E.2d 1280, 1285 (Ind.1991))). As I see it, under this doctrine, the Youngs’ requesting changes and Dean Young’s failure to caution against any changes not in writing leaves any resulting loss in the lawyer’s lap, not the client’s.
It seems that there is no dispute of material fact that the Youngs requested changes, but the amount of damages, if any, from these changes is not established. Accordingly, if the trier of fact accepts Liggett’s contentions that he incurred additional expenses as a result of changes in the home made with the Youngs’ prior knowledge after the initial contract, Liggett is entitled to recover the fair Compensation attributable to those changes, notwithstanding any provision in the attorney’s contract requiring change *188 orders to be in writing. Whether the facts are as Liggett alleges is a matter for trial.

. I agree that the Rules of Professional Responsibility do not of themselves create civil liability. The Preamble so provides. But the Preamble also provides that the Rules establish standards of conduct that may be evidence of a breach of the standard of conduct required under other legal doctrines. Although this appears explicitly for the first time in the 2005 Preamble to the Rules, I believe it is a statement of a rule of common law that long predated that preamble and the transactions in this case. See Daniel L. Draisen, The Model Rules of Professional Conduct and Their Relationship to Legal Malpractice Actions: A Practical Approach to the Use of the Rules, 21 J. Legal Prof. 67, 70-71 & n. 12 (1996) (describing a "large majority of courts [that] treat professional ethical standards as evidence of the common law duty of care”).